94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hardial Singh SANGHA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70508, 95-70766.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1996.
Decided Aug. 14, 1996.
 
 Before: LAY,* WRIGHT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hardial Singh Sangha, a citizen of India, was ordered deported on the basis of his sham marriage[1] to a United States citizen, Alberta Loop. The marriage took place in 1981. Sangha entered the United States in 1982 pursuant to a visa obtained as an immediate relative of a United States citizen. In 1987, Sangha and Loop were divorced. On October 30, 1987, the immigration judge sustained a charge under § 241(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1), that Sangha was excludable for entry as an alien who had procured a visa by fraud under § 212(a)(19) of the Act, 8 U.S.C. § 1182(a)(19) (1982) (now codified as amended at 8 U.S.C. § 1182(a)(6)(C)). The immigration judge denied him the right of voluntary departure.
 
 
 3
 Sangha appealed to the Board of Immigration Appeals (BIA). In 1992, the BIA affirmed and Sangha has petitioned this court for review. Sangha later made a motion before the BIA to reopen the deportation proceedings on the basis of his remarriage to Loop in October of 1992.[2] The BIA denied the motion to reopen on the ground that the evidence submitted did not support his contention that his first marriage to Loop was bona fide. Sangha filed another petition for review with this court as to the denial of the motion to reopen. We have consolidated both petitions for review; we now deny both petitions.
 
 
 4
 The facts are fully set forth in the decision of the immigration judge. This was an arranged marriage. Loop was 47 years old and Sangha was 38 years old. The parties were married in Canada in August of 1981. At the deportation proceedings before the immigration judge, Loop testified that the marriage was strictly one of convenience and that it was arranged for the purposes of affording Sangha lawful permanent residence in the United States and providing Loop money to relieve certain financial burdens she had at the time. She testified that she did not consider it to be a valid marriage and that she never planned to continue her marriage arrangement with Sangha. Although there was evidence of brief cohabitation between Sangha and Loop after the marriage, and further evidence that the parties held themselves out to be husband and wife and filed joint tax returns, Loop nevertheless did not at any time recant her testimony. The immigration judge found that Loop was credible, that the parties never intended to contract a viable marriage, and that the parties had no intention of continuing the marriage once its purposes had been accomplished.
 
 
 5
 On the basis of the overall record, the immigration judge found that Sangha committed fraud in his application for an immigration visa and upon his presentation of the visa at the time he entered the United States.
 
 
 6
 After the parties divorced in 1987, they remarried in October of 1992. It was upon this basis that Sangha filed a motion to reopen his deportation proceedings. In that proceeding, as well as in the original proceeding before the immigration judge, the credibility of Loop's testimony was challenged on the basis that she had entered into an agreement with the United States that she would not be prosecuted in exchange for her testimony. In the motion to reopen, Loop's daughter, Barbara Williams, reaffirmed the view that her mother had been intimidated by the government to provide her original testimony. In denying the motion to reopen, the BIA relied upon Loop's deposition testimony as well as her affidavit given in 1993 that:
 
 
 7
 The only reason for the marriage was to allow Mr. Sangha to acquire permanent residence or citizenship in the United States and for me to obtain the benefit that had been promised. I never considered the marriage to be valid for any other purpose. I used Mr. Sangha's name after we were married and told others that we were married because I understood that I needed to make the marriage appear to be real.
 
 
 8
 "We sustain an order of deportation if it is supported by 'reasonable, substantial, and probative evidence on the record considered as a whole.' " Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir.1996) (quoting 8 U.S.C. § 1105a(a)(4)). We accord "substantial deference" to the immigration judge's findings concerning the credibility of a witness. Fisher v. INS, 79 F.3d 955, 965 (9th Cir.1996) (en banc) (quotation omitted). Upon review of the briefs and records in both proceedings, we hold there was substantial evidence on the record as a whole to support the findings of the BIA in ordering deportation.
 
 
 9
 Upon a motion to reopen, this court reviews the BIA's decision for abuse of discretion. Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir.1994). We hold the BIA did not abuse its discretion in finding that Sangha failed to show his first marriage was bona fide or in relying on Loop's 1993 affidavit.
 
 
 10
 We also uphold the BIA's denial of voluntary departure. Based upon the finding that Sangha's marriage to Loop was a fraud, the BIA did not act arbitrarily in denying voluntary departure. See Fisher, 79 F.3d at 965.
 
 
 11
 For the foregoing reasons, the petitions for review are DENIED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "A marriage is a sham if the bride and groom did not intend to establish a life together at the time they were married." Bu Roe v. INS, 771 F.2d 1328, 1331 (9th Cir.1985) (quotation omitted)
 
 
 [2]
 Sangha and Loop divorced again in 1993